NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHINGTON C. MONTANO, ) | No. C 04-0543 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION FOR |
| ) | SUMMARY JUDGMENT; |
| ) | REFERRING PLAINTIFF TO |
| vs. ) | FEDERAL PRO BONO PROJECT |
| ) | AND STAYING PROCEEDINGS |
| ) | PENDING APPOINTMENT OF |
| CESAR L. SINNACO, ) | COUNSEL |
| ) | |
| Defendant. ) | (Docket No. 16) |
| _____ ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Cesar L. Sinnaco ("Sinnaco"), a medical doctor at the Correctional Training Facility in Soledad, California.  The Court found that the amended complaint, when liberally construed, stated a cognizable claim of deliberate indifference to a serious medical need.  Sinnaco filed a motion for summary judgment addressing the merits of the amended complaint.  After carefully reviewing the amended complaint and all submitted papers, the Court concludes that there are factual disputes that preclude summary judgment and will deny the motion.

# DISCUSSION

## I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The court's function on a summary judgment motion is not to make credibility

determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028-29 (9th Cir. 2001).

## II.  Legal Claim and Analysis

Plaintiff claims that Sinnaco acted with deliberate indifference to Plaintiff's serious medical needs when Sinnaco failed to treat Plaintiff's broken leg and dislocated ankle properly. Plaintiff alleges that Sinnaco misapplied Plaintiff's cast when he initially treated him. (Am. Compl. at 5.) Plaintiff also alleges that Sinnaco ignored his subsequent complaint that the cast was causing him pain and his request that the cast be repaired. (Id.) Plaintiff claims that Sinnaco's deliberate indifference ultimately caused his leg and ankle injuries to heal improperly, leaving Plaintiff crippled, in constant pain, and in need of major surgery to repair his ankle. (Id.)

### A.  Statement of Facts

The following facts are not in dispute unless otherwise indicated. On April 7, 2002, Plaintiff was injured while playing soccer at the Correctional Training Facility in Soledad, California. Plaintiff was taken to the prison infirmary, where Sinnaco examined Plaintiff and took X-rays of his leg. Plaintiff claims that Sinnaco told him to walk to the X-ray room despite being aware that Plaintiff was in tremendous pain, and then told him to walk back to the examination room afterwards. (Am. Compl. at 4.) After the X-rays indicated that Plaintiff had broken his leg, Sinnaco applied a temporary half-cast to the

1 limb and referred Plaintiff to an outside specialist. Plaintiff alleges that he complained to
2 Sinnaco that the cast was too tight and that it was "causing [him] much more pain," but
3 that Sinnaco merely "gave [him] a stern look and said nothing." (Id.) Plaintiff alleges
4 that Sinnaco would not hand Plaintiff his crutches upon request, forcing Petitioner to
5 "hobble" across the room to get them himself. Plaintiff claims that Sinnaco then made
6 him "hobble" back to his cell instead of providing giving him a "wheel chair transport."
7 (Id.) The following day, Sinnaco removed Plaintiff's half-cast and applied a full cast.

8 On April 15, 2002, an outside specialist, Dr. Pompan, examined Plaintiff's leg and
9 ankle. Plaintiff claims that Pompan asked Sinnaco "why he wrapped the cast so tight
10 around [Plaintiff's] leg." (Am. Compl. at 4.) He alleges that Pompan warned Sinnaco
11 that the cast could cause leg damage, said the cast should be partially removed, and
12 ultimately recommended that Plaintiff be transported to an outside hospital to "repair
13 damage." (Id. at 4-5). On April 19, 2002, Plaintiff saw Dr. Stanley at the Natividad
14 Medical Center. Stanley noted that the cast was too tight and applied a new cast.

15 On May 28, 2002, Plaintiff was transported to back to Natividad, where Stanley
16 told him and the prison guards attending Plaintiff that neither the broken leg nor the
17 dislocated ankle could be repaired "because of infection and poor circulation of the leg
18 due to the extremely tight cast." (Opp. at 5.) He claims that the doctor outfitted him with
19 a new cast and prescribed antibiotics, though Plaintiff never received this medication.
20 (Id.)

21 Plaintiff states that in spite of Stanley's advice that Plaintiff return to the hospital
22 in two weeks, he was not taken to the hospital again until forty-five days later. (Am.
23 Compl. at 5.) He claims that Stanley repaired the broken leg, but stated that he could not
24 repair the dislocated ankle because it had "improperly healed over the past ninety days"
25 and now required "major surgery." (Id.)

26 **B.    Deliberate Indifference**

27 Deliberate indifference to serious medical needs violates the Eighth Amendment's
28 proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97,

1  104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
2  grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
3  banc).  A determination of "deliberate indifference" involves an examination of two
4  elements: the seriousness of the prisoner's medical need and the nature of the defendant's
5  response to that need.  See McGuckin, 974 F.2d at 1059.

6        A "serious" medical need exists if the failure to treat a prisoner's condition could
7  result in further significant injury or the "unnecessary and wanton infliction of pain."
8  McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104).  The existence of an injury
9  that a reasonable doctor or patient would find important and worthy of comment or
10 treatment; the presence of a medical condition that significantly affects an individual's
11 daily activities; or the existence of chronic and substantial pain are examples of
12 indications that a prisoner has a "serious" need for medical treatment.  Id. at 1059-60
13 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

14       A prison official is deliberately indifferent if he knows that a prisoner faces a
15 substantial risk of serious harm and disregards that risk by failing to take reasonable steps
16 to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not
17 only "be aware of facts from which the inference could be drawn that a substantial risk of
18 serious harm exists," but he "must also draw the inference."  Id.  If a prison official
19 should have been aware of the risk, but was not, then the official has not violated the
20 Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290
21 F.3d 1175, 1188 (9th Cir. 2002).

22       A claim of medical malpractice or negligence is insufficient to make out a
23 violation of the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th
24 Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662
25 F.2d 1337, 1344 (9th Cir. 1981).  Negligence "in diagnosing or treating a medical
26 condition, without more, does not violate a prisoner's Eighth Amendment rights."
27 McGuckin, 974 F.2d at 1059.  In order to state a cognizable claim, the prisoner must
28 allege acts or omissions that are sufficiently harmful to demonstrate deliberate

indifference. Id.

Deliberate indifference "may be manifested in two ways. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988). In order for deliberate indifference to be established, there must first be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." Id. Second, there must be a resulting harm from the defendant's activities. Id.

Applying these principles to the instant case, the Court concludes that Plaintiff's claim against Sinnaco is inappropriate for summary judgment. Plaintiff claims that Sinnaco's failure to cast his leg and ankle appropriately caused him severe pain, and that Sinnaco was indifferent to his pain. Plaintiff also alleges that Sinnaco did not exercise "ordinary care" in treating his leg and ankle. However, the issue at hand is whether there is any genuine dispute as to any material fact regarding Plaintiff's claim that Sinnaco knew of and acted with deliberate indifference to Plaintiff's health in the treatment he provided after the injury occurred. See Farmer, 511 U.S. at 837.

If the facts as alleged by Plaintiff were proved at trial, a reasonable trier of fact could find that Sinnaco was deliberately indifferent to Plaintiff's serious medical needs. The undisputed facts show that in early April 2002, Sinnaco tended to Plaintiff immediately after he suffered a leg and ankle injury (Am. Compl. at 4); Sinnaco ordered x-rays of Plaintiff's leg (Opp. at 4); on April 8, 2002, Sinnaco applied a half-cast to the leg (id.); and on April 9, 2002, Sinnaco applied a full cast (id.). Plaintiff claims that he told Sinnaco that the cast was too tight and that Sinnaco did not respond. Plaintiff also alleges that on April 15, 2002, he met with Sinnaco and Pompan, that Pompan asked Sinnaco why the cast was so tight, warned Sinnaco that the cast could cause damage to Plaintiff's leg, and that Sinnaco took no immediate action. If proved, these facts could

establish that Sinnaco was indifferent to a risk of serious harm.  See Farmer, 511 U.S. at 837.

It should be noted that Plaintiff does not allege that Sinnaco saw or treated him after April 15, 2002.  Plaintiff's complaints regarding delays in returning to the hospital and unfilled prescriptions occurred after April 15, 2002 and have nothing to do with Sinnaco.  See McGuckin, 974 F.2d at 1060-61 (noting that if defendant's actions were an isolated occurrence rather than repeated actions, such findings tend to suggest no deliberate indifference).  Moreover, the fact that Sinnaco may have been negligent in his response to Plaintiff's complaints of pain from the initial cast is insufficient to demonstrate deliberate indifference.  Cf. id. at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); Toguchi, 391 F.3d at 1060-61.

Sinnaco submits a declaration from a medical expert, Dr. Jack W. Stage, who reviewed the medical files and gave his expert opinion that Sinnaco cared for Plaintiff in a brief but timely and professional manner.  (Decl. at 5.)  Stage opined further that the application of the cast was tight but not so tight as to cause any problems other than pain. (Id. at 5-6.)  In addition, medical notes reveal that the cast was bivalved one-week later to relieve pressure, then partially cut off and re-applied after checking for any vascular, muscle, or nerve damage, of which none was found.  (Id. at 6.)  The Court recognizes that this evidence reflects a strong rebuttal to Plaintiff's claim but concludes that it is insufficient to warrant summary judgment.

## DISPOSITION

For the foregoing reasons, Defendant's motion for summary judgment (Docket No. 16) is DENIED.

Plaintiff having requested and being in need of counsel to assist him, the Clerk shall forward a copy of this order to the Federal Pro Bono Project.  All proceedings in this action are stayed until four weeks from the date an attorney is appointed to represent

1  plaintiff.

2       IT IS SO ORDERED.

3  DATED: __12/8/09_____

                                        JEREMY FOGEL
4                                          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WASHINGTON C. MONTANO,

        Plaintiff,

  v.

CESAR L. SINNACO,

        Defendant.

Case Number: CV04-00543 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  12/22/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Washington C. Montano D-73199
CSP Solano
PO Box 4000
Bldg. 13-F-4-M
Vacaville, CA 95696

Dated:  12/22/09

Richard W. Wieking, Clerk
By: Diana Munz, Deputy Clerk

Washington C. Montano D-73199
CSP Solano
PO Box 4000
Bldg. 13-F-4-M
Vacaville, CA 95696


CV04-00543 JF